Of Counsel:     ORIGINAL

BAYS DEAVER LUNG
ROSE & HOLMA

A. BERNARD BAYS     0969-0
Attorney at Law
A Law Corporation
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorney for Plaintiff
SAIPAN DATACOM, INC.



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 06 2009

at 3 o'clock and 15 min. M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SAIPAN DATACOM, INC., | ) CIVIL NO. CV 09-00472 SOM BMK |
| Plaintiff, | ) COMPLAINT; SUMMONS |
| vs. | ) |
| CHARLES WESLEY, PATRICIA WESLEY, MARTIN WESLEY, ANDREW WESLEY, MERCANTILE PLATFORMS, LLC, JOHN DOES 1-10, JANE DOES 1-10, DOE TRUSTEES 1-10, DOE PARTNERSHIPS 1-10, AND DOE CORPORATIONS 1-10, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff SAIPAN DATACOM, INC. ("SDC"), by and through its attorneys, Bays Deaver Lung Rose & Holma, asserts the following Complaint against Defendants CHARLES WESLEY, PATRICIA WESLEY, MARTIN WESLEY, ANDREW WESLEY, MERCANTILE PLATFORMS, LLC ("MPLLC"), JOHN DOES 1-10; JANE DOES 1-10; DOE TRUSTEES 1-10; DOE PARTNERSHIPS 1-10; AND DOE CORPORATIONS 1-10; (collectively "Defendants"), and for causes of action respectfully shows the following:

## PARTIES

1.     Plaintiff SDC is a foreign corporation organized under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in the Commonwealth of the Northern Mariana Islands.

2.     Defendant Charles Wesley is an individual who resides in Scottsdale, Arizona.

3.     Defendant Patricia Wesley is an individual who resides in Scottsdale, Arizona.

4.     Martin Wesley is an individual who resides in Oakland, California.

5.     Andrew Wesley is an individual who resides in Oakland, California.

2

6.      Defendant MPLLC is a Limited Liability Corporation organized under the laws of the State of Arizona which maintains its principal place of business in the State of California, and which does and did transact business in Hawai'i so as to purposely submit to jurisdiction in Hawai'i.

7.      John Does 1-10, Jane Does 1-10, Doe Trustees 1-10, Doe Partnerships 1-10, and Doe Corporations 1-10 (collectively, "Doe Defendants") are sued herein under fictitious names for the reason that their true names and identifies are presently unknown to SDC except that they caused, contributed to causing or were substantial factors in causing one or more of the injuries sued for herein and SDC prays for leave to certify their true names, identifies, capacities, activities, and responsibilities when the same are ascertained.

## JURISDICTION AND VENUE

8.      This is a suit which is authorized and instituted pursuant to 28 U.S.C. § 1332 in that at the time the suit is being commenced, there is complete diversity of citizenship between the Plaintiff and all of the Defendants, and further because this suit involves an amount in controversy which exceeds $75,000 for each claim asserted exclusive of interest, costs, or attorneys' fees.

9.      The incidents made the basis of this suit and all of the unlawful practices and torts alleged herein were committed within the State of Hawai'i and/or caused injury in the State of Hawai'i, and more particularly, occurred within

this District.  Consequently, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

      10.    The parties agreed that the agreement that is the subject of this action would be interpreted according to the laws of the State of Hawai'i and that any arbitration pursuant to the agreement would take place in the State of Hawai'i. SDC has filed a Demand for Arbitration pursuant to the agreement with Dispute Prevention and Resolution in Honolulu, Hawai'i.

## FACTS

      11.    SDC serves as the administrator and registry for the ".mp" top-level domain pursuant to a long-term contract with the Commonwealth of the Northern Mariana Islands ("CNMI").

      12.    J. Gibson Bintliff ("Bintliff") is, and was at all relevant times herein, the Chief Operating Officer of SDC.

      13.    On or about February 27, 2009, Defendant Andrew Wesley approached Bintliff with a business proposition involving SDC.

      14.    On or about March 1, 2009, Bintliff participated in a conference call with Defendants Charles Wesley, Martin Wesley, and Andrew Wesley to discuss the business proposition.

      15.    During said conference call, Defendants Charles Wesley, Martin Wesley, and Andrew Wesley represented to Bintliff that they had a great

4

deal of experience building and developing internet websites that generate income through advertising sales.

16.     During said conference call, Defendants Charles Wesley, Martin Wesley, and Andrew Wesley represented to Bintliff that SDC was in a unique position to profit by using a large volume of generic .mp domain names to generate net income through advertising sales.

17.     On or about March 12, 2009, Defendants Charles Wesley, Martin Wesley, and Andrew Wesley provided Bintliff with a business plan proposing a business relationship between SDC and a limited liability corporation that was to be formed by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley.

18.     The business plan proposed that Defendants Charles Wesley, Martin Wesley, and Andrew Wesley would develop proprietary software to build and develop a large volume of internet websites that would generate net income through advertising sales and host the sites on generic .mp domains provided by SDC.

19.     The business plan represented that Defendants Charles Wesley, Martin Wesley, and Andrew Wesley had a great deal of experience using similar software and had experience working with software that generates net income by creating internet websites that earn advertising revenue.

5

77724-1

20.     The business plan represented that Defendants Charles Wesley, Martin Wesley, and Andrew Wesley had sufficient experience to assess the risks involved in such a business.

21.     The business plan represented that Defendants Charles Wesley, Martin Wesley, and Andrew Wesley had the ability to create the large numbers of web sites necessary to operate such a business by creating the sites in India at extremely low cost.

22.     Upon information and belief, the Defendants did not have the level of experience or ability that they represented at the time the business plan was presented to Bintliff and many aspects of the plan were not feasible.

23.     The business plan did not adequately disclose the risks associated with attempting to generate advertising revenue with the large volume of revenue producing websites proposed under the plan because Defendants Charles Wesley, Martin Wesley, and Andrew Wesley did not have the experience they represented in creating large numbers of internet websites that generate net income by earning advertising revenue.

24.     Defendants Charles Wesley, Martin Wesley, and Andrew Wesley represented to Bintliff that the venture would generate positive net cash flow within a few months of beginning operations provided SDC fully funded the

77724-1

plan proposed by the Defendants, which included large monthly salaries for
Defendants Charles Wesley, Martin Wesley, and Andrew Wesley.

25.     Based on the representations of Defendants Charles Wesley,
Martin Wesley, and Andrew Wesley, SDC agreed to enter into a Licensing
Agreement with Defendants Charles Wesley, Martin Wesley, and Andrew Wesley.

26.     Defendants Charles Wesley, Martin Wesley, and Andrew
Wesley caused MPLLC to be formed to enter into the contract with SDC.

27.     On or about May 15, 2009, based upon the representations
made by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley, SDC
and entered into a License Agreement ("License Agreement") with MPLLC
whereby SDC agreed to exclusively license to MPLLC the right to use a large
number of generic .mp domain names in bulk without an initial registration cost in
exchange for SDC receiving a license fee to be calculated pursuant to a formula
provided for in the License Agreement.

28.     Defendants Charles Wesley, Martin Wesley, and Andrew
Wesley insisted that the License Agreement prohibit SDC from reviewing the
software used to create the websites and generate revenue.

29.     Instead, the License Agreement established certain qualitative
benchmarks, along with monthly revenue and income benchmarks that were
required to be met by MPLLC.

77724-1

30.   These benchmarks included minimum operational elements of the business ("qualitative benchmarks") along with cumulative gross revenue requirements and cumulative net operating income requirements (collectively referred to herein as "revenue benchmarks").

31.   Under the terms of the License Agreement SDC agreed to loan initial start-up funds to MPLLC in monthly installments provided MPLLC timely and fully satisfied all benchmarks.

32.   The License Agreement defined any failure to meet the qualitative benchmarks and/or the revenue benchmarks as a default that gave SDC the right to terminate the License Agreement.

33.   On or about May 15, 2009, SDC advanced the first loan payment to MPLLC required under the License Agreement.

34.   On or about June 4, 2009 SDC and Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC executed the First Amendment to the License Agreement.  The License Agreement, as amended by the subsequent amendments effective at the time is referred to herein as the "Amended License Agreement."

35.   The First Amendment was entered into at the request of Defendants Charles Wesley, Martin Wesley, and Andrew Wesley and set forth new monthly qualitative benchmarks that MPLLC was required to meet.

77724-1

36.     After the First Amendment was executed, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC represented to SDC that the first monthly qualitative benchmarks set forth in the Amended License Agreement had been satisfied.

37.     On or about June 14, 2009, in reliance upon the representations that the qualitative benchmarks had been achieved, SDC advanced the second loan payment due to MPLLC pursuant to the Amended License Agreement.

38.     The second monthly benchmarks included a minimum revenue amount that MPLLC was required to meet.

39.     On or about July 14, 2009, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC represented to SDC that the second monthly revenue benchmarks set forth in the Amended License Agreement had been met.

40.     Upon information and belief, the majority of the revenue used by Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC to support their representation that the second monthly benchmark had been satisfied was not, in fact, received by MPLLC because the supposed revenue was generated fraudulently.

41.     On or about July 14, 2009, in reliance upon the representation that MPLLC had achieved its second monthly benchmark, SDC advanced the third loan payment due to MPLLC pursuant to the Amended License Agreement.

9

42.     On or about August 14, 2009, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC failed to meet the third monthly revenue benchmark set forth in the Amended License Agreement.

43.     On or about August 10, 2009, Defendant Charles Wesley told Bintliff that the failure to meet the third monthly revenue benchmark was nothing more than a "pothole" and that MPLLC would meet its fourth monthly revenue benchmark if SDC advanced additional loans and, in addition, that MPLLC would make up the third monthly revenue benchmark during the fourth month.

44.     On or about August 19, 2009, SDC and MPLLC executed the Second Amendment to the License Agreement.

45.     The Second Amendment was entered into at the request of Defendants Charles Wesley, Martin Wesley, and Andrew Wesley, and further modified MPLLC's monthly revenue benchmarks and SDC's loan obligations under the License Agreement.

46.     The Second Amendment also added weekly revenue benchmarks that MPLLC was required to meet.

47.     The new benchmarks set forth in the Second Amendment were based on Defendant Charles Wesley's representation that MPLLC would meet the fourth monthly revenue benchmark and the weekly revenue benchmarks.

77724-1

48.    SDC would have terminated the License Agreement as a result of MPLLC's failure to meet the benchmarks set forth in the Amended License Agreement but for Defendant Charles Wesley's representation that MPLLC would meet the benchmarks set forth in the Second Amendment.

49.    On or about August 19, 2009, in reliance on the representations by Defendant Charles Wesley, SDC sent MPLLC a loan payment of $54,000 as required by the Amended License Agreement.

50.    On or about August 24, 2009, again in reliance on Defendant Charles Wesley's representations, SDC sent a check for $73,000 to MPLLC as required by the Amended License Agreement.

51.    On or about August 25, 2009, less than one week after Defendant Charles Wesley's representations that MPLLC would meet its fourth monthly revenue benchmark, Bintliff travelled to MPLLC's Lafayette, California offices for meetings with Defendants Charles Wesley, Martin Wesley and Andrew Wesley.

52.    Defendant Charles Wesley failed and refused to attend the meeting and instead remained in Arizona.

53.    The purpose of the meetings was to assess MPLLC's progress and determine what assistance, if any, SDC could provide to help MPLLC in executing the business plan.

77724-1

54.     At the meetings, Defendants Martin Wesley and Andrew Wesley admitted that:

a)     MPLLC was in default under the Amended License Agreement;

b)     MPLLC had failed to achieve the benchmarks as set forth in the Amended License Agreement;

c)     MPLLC would not be able to achieve its upcoming weekly revenue benchmarks;

d)     MPLLC would not be able to achieve its upcoming monthly revenue benchmark; and

e)     MPLLC would need at least one month before it could provide any credible revenue benchmarks going forward.

55.     Additionally, at the meeting Defendant Andrew Wesley informed Bintliff that despite the numerous promises and the projections made by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley, it was unreasonable to expect MPLLC to generate net income in less than two years.

56.     The representations of Defendants Martin Wesley and Andrew Wesley on August 25, 2009 were contrary to the representations made by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley to induce SDC to

12

enter into the Original License Agreement and the First and Second Amendments to the License Agreement.

57.    The representations of Defendants Martin Wesley and Andrew Wesley on August 25, 2009 were in direct contradiction to the representations about the current status of the business made by Defendant Charles Wesley less than one week before.

58.    Based on the admissions of Defendants Martin Wesley and Andrew Wesley, on August 26, 2009, SDC stopped payment of the funds advanced on or about August 24, 2009 and gave notice of immediate termination of the Amended License Agreement pursuant to Paragraphs 10(c) and 18 of the Amended License Agreement.

59.    At the time of the termination, SDC had advanced $345,000 pursuant to the Amended License Agreement in reliance upon the initial and repeated misrepresentations by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley.

77724-1

60.    Upon such termination, the terms of the Amended License Agreement require Defendant MPLLC to;

a)    repay all monies loaned by SDC pursuant to the Amended License Agreement;

b)    pay SDC all fees owed pursuant to the Amended License Agreement;

c)    turn over immediate possession of all .mp domain names, software, websites and all access codes, hardware, source codes and all other property owned, licensed or otherwise used by MPLLC in connection with the development and marketing of the .mp domain names and their respective websites; and

d)    turn over immediate right, title and possessory interest in and to all other activities and assets relating to the purposes and intent of the Amended License Agreement.

61.    Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC have failed and refused to comply with the default requirements of the Amended License Agreement stated above.

62.    Upon information and belief, on or about August 28, 2009, Defendant Patricia Wesley registered the domain name "RevenuePlatforms.com".

77724-1

63.     Upon information and belief, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and Patricia Wesley have misappropriated the software and systems developed with SDC's funds under the Amended License Agreement to operate RevenuePlatforms.com.

64.     Upon information and belief, Defendants Charles Wesley, Martin Wesley, and Andrew Wesley and MPLLC prohibited SDC from reviewing the software used to create the websites and generate revenue in order to conceal the fact that it might not be feasible to create such software and they would be attempting to develop the software on a trial and error basis.

65.     Defendants Charles Wesley, Martin Wesley, and Andrew Wesley misrepresented their experience in building and developing large volumes of generic internet websites that generate net income through advertising sales.

66.     Defendants Charles Wesley, Martin Wesley, and Andrew Wesley misrepresented the amount of revenue and profit, and the timing of the actual receipt of any revenue and profit that would be generated by building and developing a large volume of generic internet websites that generate net income through advertising sales.

67.     Defendants Charles Wesley, Martin Wesley, and Andrew Wesley concealed and failed to disclose the fact that there would be a thirty to ninety day delay between revenue earned and the actual receipt of the revenue and

77724-1

that this delay would create the need for a large amount of working capital that was

not accounted for in their business plan.

68.    Defendants Charles Wesley, Martin Wesley, and Andrew

Wesley misrepresented the risk involved in the business plan that costs could

exceed revenue and lead to substantial losses.

69.    Defendants Charles Wesley, Martin Wesley, and Andrew

Wesley misrepresented the amount of revenue generated during the second month

of the Amended License Agreement.

70.    Upon information and belief, Defendants Charles Wesley,

Martin Wesley, Andrew Wesley, and Patricia Wesley have misappropriated the

software and systems developed with SDC's funds under the Amended License

Agreement to operate RevenuePlatforms.com.

71.    Upon information and belief, Defendants Charles Wesley,

Martin Wesley, Andrew Wesley, Patricia Wesley, and MPLLC have converted

funds belonging to SDC under the terms of the Amended License Agreement to

their own use by taking funds in a bank account that was agreed to be jointly

controlled by SDC and MPLLC without the approval of SDC and contrary to the

written instructions provided to the bank.

72.    Upon information and belief, Defendants Charles Wesley,

Martin Wesley, Andrew Wesley, Patricia Wesley, and MPLLC converted funds

77724-1

belonging to SDC to their own use by taking the proceeds from collections of accounts receivable instead of depositing those payments in the bank account that was jointly controlled by SDC and MPLLC as required by the Amended License Agreement.

**COUNT I**
**(Breach of Contract Against MPLLC)**

73.     Plaintiff incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 72 above.

74.     SDC and MPLLC entered into a valid and enforceable Contract when they executed the License Agreement, the First Amendment, and the Second Amendment ("Amended License Agreement").

75.     At all relevant times SDC was ready, willing, and able to perform its obligations under the Amended License Agreement.

76.     MPLLC's failure to perform the duties and obligations it assumed under the Amended License Agreement are material breaches of the Agreement.

77.     As a direct, proximate cause, and foreseeable result of MPLLC's breaches, SDC has been damaged in an amount to be proven at trial.

78.     Pursuant to Section 14 of the Amended License Agreement, SDC and MPLLC agreed to resolve all disputes arising out of the License

77724-1

Agreement through binding arbitration in Honolulu, Hawaiʻi and to have all issues determined under Hawaiʻi law.

79.     SDC filed a Demand for Arbitration with Dispute Prevention and Resolution Inc., in Honolulu, Hawaiʻi on September 23, 2009.

80.     SDC asserted claims against MPLLC for its breach of contract in the Demand for Arbitration.

81.     SDC prays that the trial of any causes of action resulting from MPLLC's breach of the Amended License Agreement that are properly arbitrable be stayed pending arbitration and that any causes of action not properly arbitrable be adjudicated in this action.

## COUNT II
### (Declaratory and Injunctive Relief Against All Defendants)

82.     Plaintiff incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 81 above.

83.     The continuing acts of Defendants threaten irreparable harm to Plaintiff.

84.     Plaintiff is entitled to injunctive relief against Defendants ordering them to:

a)     refrain from transferring, conveying, or disposing of any of the money, property or assets of MPLLC until they have fully complied with all obligations under the Amended License Agreement;

18

b)    turn over to SDC immediate possession of all monies and accounts receivables of MPLLC which were generated pursuant to the Amended License Agreement;

c)    refrain from making any use of .mp domain names;

d)    turn over immediate possession of all .mp domain names, software, websites and all access codes, hardware, source codes and all other property owned, licensed or otherwise used by the Defendants in connection with the development and marketing of the .mp domain names and their respective PPC Sites;

e)    turn over immediate right, title and possessory interest in and to all other activities and assets relating to the purposes and intent of the License Agreement, as amended; and

f)    account for and turn over to SDC all income earned by using SDC's proprietary software and business systems to operate revenueplatforms.com.

85.    SDC is entitled to an Order declaring that MPLLC has materially breached its obligations under the Amended License Agreement and is obligated to comply with the termination provisions of the Agreement.

77724-1

86.     Pursuant to Section 14 of the Amended License Agreement, SDC and MPLLC agreed to resolve all disputes arising out of the License Agreement through binding arbitration in Honolulu, Hawai'i.

87.     SDC filed a Demand for Arbitration with Dispute Prevention and Resolution Inc., in Honolulu, Hawai'i on September 23, 2009.

88.     SDC asserted claims for declaratory and injunctive relief against MPLLC in the Demand for Arbitration.

89.     SDC prays that the trial of any causes of action for declaratory or injunctive relief that are properly arbitrable be stayed pending arbitration and that any causes of action that are not properly arbitrable be subject to adjudication in this action.

## COUNT III
**(Negligent and/or Intentional Misrepresentation Against Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC)**

90.     Plaintiff incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 89 above.

91.     In order to induce action on the part of SDC, including but not limited to SDC entering into the License Agreement and the First and Second Amendments to the License Agreement, and the payment of sums by SDC under the Amended License Agreement, Defendants Charles Wesley, Martin Wesley, and Andrew Wesley made express and implied representations.

77724-1

92.   The express and implied representations made by Defendants Charles Wesley, Martin Wesley, and Andrew Wesley include, but are not limited to the following:

a)   that they had experience in building and developing internet websites that would generate net income through advertising sales;

b)   that they had experience working with software that would generate net income by creating large numbers of internet websites that receive small amounts of advertising revenue;

c)   that the internet websites contemplated by their business plan could be developed cheaply and efficiently in India;

d)   that MPLLC had achieved the second monthly revenue benchmark set forth in the Amended License Agreement; and

e)   Defendant Charles Wesley's representation that MPLLC had the necessary software and systems in place to meet its fourth monthly revenue benchmarks if SDC advanced additional loans.

93.   The above misrepresentations were made negligently, intentionally, or with reckless disregard as to the truth or falsity of such representations.

94.   The above misrepresentations were false and misleading.

21

95.     The above misrepresentations which were made after the formation of MPLLC and the execution of the License Agreement are attributable to MPLLC to the extent that Defendants Charles Wesley, Martin Wesley, and Andrew Wesley were acting within the scope of their employment as officers, directors, and agents of MPLLC.

96.     Defendants Charles Wesley, Martin Wesley, and Andrew Wesley knew, or should have known that SDC would reasonably rely upon the misrepresentations made by them.

97.     SDC did in fact reasonably rely upon the false and misleading misrepresentations of Defendants Charles Wesley, Martin Wesley, and Andrew Wesley to its detriment.

98.     As a proximate and foreseeable result of the above false and misleading misrepresentations and failures to disclose, Plaintiff has been damaged and is entitled to general, special, punitive, and consequential damages in an amount to be proven at trial.

99.     Pursuant to Section 14 of the Amended License Agreement, SDC and MPLLC agreed to resolve all disputes arising out of the License Agreement through binding arbitration in Honolulu, Hawai'i.

100.    SDC filed a Demand for Arbitration with Dispute Prevention and Resolution Inc., in Honolulu, Hawai'i on September 23, 2009.

101.   SDC asserted claims against MPLLC for the negligent and intentional misrepresentations of its officers and employees, made within the scope of their employment, in the Demand for Arbitration.

102.   SDC prays that the trial of any causes of action against MPLLC for its intentional and or negligent misrepresentations that are properly arbitrable be stayed pending arbitration and that any causes of action not properly arbitrable be subject to adjudication in this action.

## COUNT IV
### (Promissory Estoppel/Detrimental Reliance Against Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC)

103.   Plaintiff incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 102 above.

104.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC promised to perform their obligations under the Amended License Agreement in a professional and competent manner.

105.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC promised that they would meet the benchmark requirements set forth in the License Agreement and the First and Second Amendments to the License Agreement.

77724-1

106.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC could reasonably have foreseen at the time they made the promises that SDC would rely on such promises.

107.   SDC did in fact rely on Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC's promises to its detriment.

108.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC did not perform their obligations under the Amended License Agreement in a professional and competent manner.

109.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC did not meet the benchmarks set forth in the Amended License Agreement.

110.   Enforcement of the promises is necessary to avoid injustice.

111.   Pursuant to Section 14 of the Amended License Agreement, SDC and MPLLC agreed to resolve all disputes arising out of the License Agreement through binding arbitration in Honolulu, Hawai'i.

112.   SDC filed a Demand for Arbitration against MPLLC with Dispute Prevention and Resolution Inc., in Honolulu, Hawai'i on September 23, 2009.

113.   SDC asserted claims for promissory estoppel and detrimental reliance against MPLLC in the Demand for Arbitration.

114.   SDC prays that the trial of any causes of action against MPLLC for promissory estoppel or detrimental reliance that are properly subject to arbitration be stayed pending arbitration and that any causes of action not properly arbitrable be subject to adjudication in this action.

## COUNT V
### (Conversion Against All Defendants)

115.   Plaintiff incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 114 above.

116.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC used the funds loaned by SDC to create proprietary software and business systems pursuant to the Amended License Agreement.

117.   The terms of the Amended License Agreement make the proprietary software and systems developed in accordance with the Agreement the property of SDC.

118.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC have retained possession of the proprietary software and business systems developed with SDC's funds pursuant to the Amended License Agreement.

119.   SDC has demanded that Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC provide SDC with immediate possession of the proprietary software and business systems developed in accordance with the

25

Amended License Agreement but Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC have refused to provide SDC with possession of the proprietary software and business systems developed in accordance with the Agreement.

120.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and MPLLC's failure to provide SDC with possession of the proprietary software and business systems has deprived SDC of its legal right to possess and enjoy the same.

121.   Upon information and belief, on or about August 28, 2009, Defendant Patricia Wesley registered the domain name "revenueplatforms.com."

122.   Upon information and belief, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and Patricia Wesley are using the proprietary software and business systems that belong to SDC to operate "revenueplatforms.com."

123.   Defendants Charles Wesley, Martin Wesley, Andrew Wesley, Patricia Wesley, and MPLLC have converted SDC's interest in the proprietary software and business systems by denying SDC access to its property, and by using the property in a new business.

124.   Upon information and belief, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and Patricia Wesley have converted funds

contained in a bank account that was required to be jointly controlled by SDC and MPLLC for their own use without the consent of SDC as required by the Amended License Agreement and the bank account instructions provided to the bank pursuant to the Amended License Agreement.

125.   Upon information and belief, Defendants Charles Wesley, Martin Wesley, Andrew Wesley, and Patricia Wesley have converted funds received in payment of accounts receivable for their own use without depositing those funds into the jointly controlled bank account as required by the Amended License Agreement.

126.   As a result of Defendants Charles Wesley, Patricia Wesley, Martin Wesley, Andrew Wesley, and MPLLC's conversion, SDC has been damaged at an amount to be proven at trial.

127.   Pursuant to Section 14 of the Amended License Agreement, SDC and MPLLC agreed to resolve all disputes arising out of the License Agreement through binding arbitration in Honolulu, Hawai'i.

128.   SDC filed a Demand for Arbitration against MPLLC with Dispute Prevention and Resolution Inc., in Honolulu, Hawai'i on September 23, 2009.

129.   SDC prays that the trial of any causes of action against MPLLC for conversion  that are properly subject to arbitration be stayed pending arbitration

77724-1

and that any causes of action not properly arbitrable be subject to adjudication in this action.

WHEREFORE, SDC prays that judgment be entered in its favor and against Defendants for the following relief:

A.   For declaratory relief;

B.   For compensatory, general, special, punitive, and consequential damages in amounts to be proven at trial;

C.   For its attorneys' fees and costs; and

D.   For any and all further relief that this Court may deem just and proper.

DATED:   Honolulu, Hawai'i, October 6, 2009.

_____
A. BERNARD BAYS

Attorney for Plaintiff
SAIPAN DATACOM, INC.

77724-1

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAIPAN DATACOM, INC., | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES WESLEY, PATRICIA | ) | |
| WESLEY, MARTIN WESLEY, | ) | |
| ANDREW WESLEY, MERCANTILE | ) | |
| PLATFORMS, LLC, JOHN DOES 1- | ) | |
| 10, JANE DOES 1-10, DOE | ) | |
| TRUSTEES 1-10, DOE | ) | |
| PARTNERSHIPS 1-10, AND DOE | ) | |
| CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

<u>SUMMONS</u>

STATE OF HAWAII

TO ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon A. BERNARD

BAYS, ESQ., Plaintiff's attorney, whose address is 16th Floor, Alii Place,

1099 Alakea Street, Honolulu, Hawai'i 96813, an answer to the Complaint which

is herewith served upon you, within 20 days after service of this Summons upon

you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:     Honolulu, Hawai'i, _____ OCT 0 6 2009 _____.

SUE BEITIA

_____
Clerk of Court

Deputy Clerk, United States
District Court, District of Hawaii

2

77724-1